IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

**BENNIE ROBERT ANDERSON,**

    **Plaintiff,**

v.

                                                **Case No:** 7:20cv00682

**PARKWAY ACQUISITION CORP.**
**d/b/a "SKYLINE NATIONAL BANK,"**
Serve:
    Lee G. Lester, Registered Agent     **JURY TRIAL DEMAND**
    200 South 10th Street, Suite 1600
    Richmond, Virginia 23219

**SKYLINE NATIONAL BANK,**
Serve:
    Capitol Corporate Services, Inc., Registered Agent
    120 Penmarc Drive, Suite 118
    Raleigh, North Carolina 27603

    **Defendants.**

## **COMPLAINT**

COMES NOW, Plaintiff Bennie Robert Anderson ("Mr. Anderson" or "Plaintiff"), by counsel, and states as his Complaint against Defendants Parkway Acquisition Corp. d/b/a "Skyline National Bank" ("Parkway") and Skyline National Bank ("Skyline"), the following:

## **I. JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter as it arises from the federal questions presented by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA"). *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

1

2. Venue is appropriate as the acts and/or omissions of Defendants from which the cause of action arises occurred within the Western District of Virginia, Roanoke Division. *See* 28 U.S.C. § 1391(b)(2).

3. Due to their contacts within the Commonwealth of Virginia, Defendants avail themselves to the jurisdiction of this Court.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in or about May of 2020. In accordance with 29 C.F.R. § 1626.18(b), as more than 60 days have elapsed from the filing of Plaintiff's EEOC charge, Plaintiff has satisfied the statutory preconditions to filing suit, and this civil action is properly initiated in the Western District of Virginia.

## II. THE PARTIES

5. Mr. Anderson was born in 1947[1], and is a resident of Boone, North Carolina.

6. Skyline is a wholly owned subsidiary of Parkway, a bank holding company headquartered in Floyd, Virginia. Parkway does business as, and holds itself out as, Skyline. Defendants serve the Virginia counties of Grayson, Floyd, Carroll, Wythe, Montgomery and Roanoke, and the surrounding areas, through 17 full-service banking offices and one loan production office. Defendants also serve North Carolina towns Wilkesboro, Boone and Yadkinville. Defendants, in total, have 24 branches and 2 loan production offices.

---

[1] Mr. Anderson's exact date of birth is not included due to privacy concerns and filing requirements as per the United States District Court Western District of Virginia Local Rules.

## III. FACTUAL ALLEGATIONS

7. Mr. Anderson, currently seventy-three (73) years of age and formerly employed by Great State Bank ("Great State"), was hired by Defendants on or about July 1, 2018, when Defendants announced a merger with Great State.

8. As part of this merger, Great State bank locations began operating as a division of Defendants' banks and were renamed as Skyline banks in September of 2018.

9. Mr. Anderson has worked in the banking industry for more than 40 years and has established a record of consistent, excellent work performance.

10. Mr. Anderson held a full-time position with Defendants as a Senior Vice President in Defendants' Boone, North Carolina branch from 2018 until his unlawful termination from employment, which occurred on or about March 4, 2020.

11. During his employment with Defendants, Mr. Anderson consistently performed his job duties with expertise, and his work performance met or exceeded Defendants' legitimate expectations of him.

12. However, Mr. Anderson was targeted and subjected to age-related discrimination by his supervisors, including Regional President Greg Edwards, who is younger than Mr. Anderson and, upon information and belief, held a discriminatory animus against him due to his age – ultimately resulting in Mr. Anderson's pretextual termination from employment.

13. Specifically, in or about April of 2019, Mr. Edwards provided a highly subjective work performance review to Mr. Anderson which was critical of Mr. Anderson and which did not accurately reflect Mr. Anderson's work performance. The poor review alleged, falsely, that Mr. Anderson failed to meet expectations concerning certain goals and objectives.

14. As Mr. Anderson had consistently met all legitimate performance benchmarks expected of him during his employment with Defendants, he perceived that the negative performance review was pretextual and that he was being targeted for termination due to his age.

15. This perception was supported by the fact that Mr. Edwards approached Mr. Anderson and directed that Mr. Anderson reveal his retirement plans. Mr. Anderson, who was fully capable of working and had no immediate plans to retire, understood this inquiry to be a direct and discriminatory reference to his age.

16. Accordingly, Mr. Anderson understood that Mr. Edwards sought to induce Mr. Anderson's termination and replace him with a younger employee.

17. On or about July 5, 2019, Mr. Edwards again criticized Mr. Anderson's performance without legitimate justification.

18. Specifically, Mr. Edwards cited Mr. Anderson for "not closing loans and not having market penetration." Again, these claims were false as Mr. Anderson had productively worked in the Boone banking market for seventeen (17) years and had successfully closed a significant number of high value loans in 2018 and 2019.

19. However, although Mr. Anderson again held a good-faith belief that he was being targeted and subjected to an age-based discriminatory bias by his supervisor, he continued to demonstrate excellent work performance and meet Defendants' legitimate expectations of him throughout 2019 and into 2020.

20. Despite Mr. Anderson's efforts to work under these difficult circumstances, Mr. Edwards terminated Mr. Anderson's employment, citing alleged performance issues, on or around March 4, 2020.

21. Upon information and belief, no other bank employees were terminated at this time, and Mr. Anderson's duties were taken over by younger employees of the bank.

22. Upon information and belief, Defendants' decision to terminate Mr. Anderson was not based upon legitimate business reasons but was merely a pretext to unlawful age discrimination, as Mr. Anderson's alleged performance issues, even if true, did not rise to the level of a terminable offense.

23. Upon information and belief, Defendants unlawfully targeted Mr. Anderson, subjected him to increased scrutiny, and unjustly provided him with negative performance reviews that inaccurately valued Mr. Anderson's work performance, in an effort to create pretextual justification for his termination from employment.

24. Accordingly, Mr. Anderson's termination occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon his age and which are indicative of Defendants' discriminatory animus and age bias against its older employees.

25. Upon information and belief, Defendants unlawfully terminated Mr. Anderson's employment because of his age, in violation of the ADEA, and would not have otherwise taken the discriminatory actions against him.

26. Any reasons cited by Defendants for their decisions with regard to Mr. Anderson are pretextual.

27. Due to the acts and omissions of Defendants, Mr. Anderson was discriminated against in violation of the ADEA.

28. Because the actions taken by Mr. Anderson's supervisory employees were taken within the scope of their employment, Defendants are responsible for their actions based upon the doctrine of *respondeat superior.*

**COUNT I:  CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA**

29. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

30. At the time of his termination from employment, Plaintiff was 72 years of age and protected from age discrimination by the ADEA.

31. During his employment with Defendants, Plaintiff experienced unwelcome discrimination based upon his age.

32. Specifically, Defendants unlawfully targeted Plaintiff, treated him differently, and less preferably than younger employees, subjected him to increased scrutiny and unsolicited inquiries concerning his retirement, and presented him with inaccurate poor performance reviews, all in an effort to create pretextual justification for his termination, in violation of the ADEA.

33. Defendants would not have terminated Plaintiff, or taken the other discriminatory actions against him, but for Plaintiff's age.

34. Defendants' conduct towards Plaintiff was discriminatory and intentional, and no business-related legitimate reason justified the actions taken against him, as prior to Plaintiff's termination from employment, Plaintiff was performing his work at a satisfactory level.

35. Any reasons cited by Defendants for Plaintiff's termination were pretextual, as Plaintiff's work performance was meeting Defendants' legitimate business expectations.

36. Upon information and belief, after Plaintiff's termination from employment, his job duties were taken over by one or more employees of Defendants, all of whom are younger than Plaintiff.

37. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

38. At all times material hereto, Defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

39. The above-described acts by Defendants and employees of Defendants constitute age discrimination in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

WHEREFORE, Plaintiff Bennie Robert Anderson prays for judgment against Defendants Parkway Acquisition Corp. and Skyline National Bank, jointly and severally, and for equitable relief, backpay, front pay, and/or liquidated damages, together with prejudgment interest from the date of Mr. Anderson's termination from employment, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

**BENNIE ROBERT ANDERSON**

<u>/s/ Thomas E. Strelka</u>
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel: 540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*