IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
Case No. 7:20-CV-682

BENNIE ROBERT ANDERSON, )
)
    Plaintiff, )
)
v. )
) **DEFENDANTS' ANSWER TO**
) **PLAINTIFF'S COMPLAINT AND**
PARKWAY ACQUISITION CORP. ) **AFFIRMATIVE DEFENSES**
d/b/a "SKYLINE NATIONAL )
BANK," and SKYLINE NATIONAL )
BANK, )
)
    Defendant. )

**COME NOW,** Defendants, Parkway Acquisition Corp. d/b/a "Skyline National Bank" ("Parkway") and Skyline National Bank ("Skyline"), by and through their undersigned counsel, to file Defendants' Answer to Plaintiff's Complaint and Affirmative Defenses in response to the allegations contained in the Complaint filed by Plaintiff Bennie Robert Anderson ("Plaintiff"), and in support thereof, Parkway and Skyline state as follows:

**FIRST DEFENSE**

Parkway and Skyline respond to the specifically enumerated allegations contained in the Complaint as follows:

**I. JURISDICTION AND VENUE**

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint constitute legal conclusions for which no response is required. To the extent a response is required, Parkway and Skyline admit that Plaintiff alleges claims pursuant to the Age Discrimination in Employment Act, codified at 29 U.S.C. § 621 *et seq.* The remaining allegations not specifically herein admitted are denied.

2. The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the allegations contained in Paragraph 2 of the Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the allegations contained in Paragraph 4 of the Complaint are denied.

## II. PARTIES

5. The allegations contained in Paragraph 5 of the Complaint are admitted upon information and belief.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

## III. FACTUAL ALLEGATIONS

7. As to the allegations contained in Paragraph 7 of the Complaint, it is admitted that Plaintiff and Greg Edwards ("G. Edwards") worked together at several banks, including Great State Bank. It is further admitted that the two were working at Great State Bank when it merged with Skyline on July 1, 2018. It is further admitted that Plaintiff was born in 1947. The remaining allegations not specifically herein admitted are denied.

8. As to the allegations contained in Paragraph 8, it is admitted that Great State Bank merged with Skyline effective July 2, 2018. The remaining allegations not specifically herein admitted are denied.

9. As to the allegations contained in Paragraph 9 if the Complaint, it is admitted upon information and belief that Plaintiff has worked in the bank industry for several decades. The

remaining allegations contained in Paragraph 9 of the Complaint not specifically herein admitted are denied.

10. As to the allegations contained in Paragraph 10 of the Complaint, it is admitted that Plaintiff was a Senior Vice President in Skyline's Boone, North Carolina branch from 2018 until his employment was terminated on March 4, 2020. The remaining allegations not specifically herein admitted are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. As to the allegations contained in Paragraph 12 of the Complaint, it is admitted that Greg Edwards is younger than Plaintiff. The remaining allegations not specifically herein admitted are denied.

13. As to the allegations contained in Paragraph 13, it is admitted that Blake Edwards ("B. Edwards") and G. Edwards met with Plaintiff for a work performance review. It is further admitted that the Performance and Development Plan (the "Plan") is in writing and is the best evidence of its contents. The allegations contained in Paragraph 13 of the Complaint are denied to the extent they are inconsistent with the Plan. The remaining allegations not specifically herein admitted are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied based upon a lack of information and belief. It is specifically denied that Plaintiff consistently met all legitimate performance benchmarks while employed with Skyline.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied based upon a lack of information and belief.

17. As to the allegations contained in Paragraph 17, it is admitted that in August 2019, G. Edwards and B. Edwards met with Plaintiff regarding Plaintiff's performance. The remaining allegations not specifically herein admitted are denied.

18. As to the allegations contained in Paragraph 18, it is admitted that G. Edwards and B. Edwards discussed Plaintiff's performance with him and that Plaintiff was not on track to meet his production goals. It is further admitted upon information and belief that Plaintiff had worked in the Boone banking market for 17 years. It is further admitted that the loans Plaintiff closed are in writing and are the best evidence of the contents. The allegations contained in Paragraph 17 of the Complaint are denied to the extent that the allegations are inconsistent with the records of Plaintiff's closed loans. The remaining allegations not specifically herein admitted are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. As to the allegations contained in Paragraph 20 of the Complaint, it is admitted that Plaintiff was released from employment because of failure to meet Skyline's legitimate performance expectations on March 4, 2020. It is further admitted that B. Edwards and G. Edwards met with Plaintiff to separate his employment.

21. As to the allegations contained in Paragraph 21 of the Complaint, it is admitted no other Skyline employees were separated on March 4, 2020. It is further admitted that Skyline did not hire any employees to replace Plaintiff. It is further admitted that Plaintiff's duties were redistributed to other employees who happened to be younger than him. The remaining allegations not specifically herein admitted are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied

27. The allegations contained in Paragraph 27 of the Complaint are denied

28. The allegations contained in Paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 28 of the Complaint are denied.

**COUNT I: CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA**

29. Parkway and Skyline reallege and incorporate herein by reference its answers to Paragraphs 1-28 of Plaintiff's Complaint as though more fully set forth herein.

30. As to the allegations contained in Paragraph 30, it is admitted that Plaintiff was born in 1947 and was over 70 years of age when he was released from employment for his failure to meet Skyline's legitimate performance expectations. The remaining allegations not specifically herein admitted are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. As to the allegations contained in Paragraph 36 of the Complaint, it is admitted that Skyline has not hired anyone to replace Plaintiff. It is further admitted that his duties have been reassigned to other employees who happen to be younger than Plaintiff. The remaining allegations not specifically herein admitted are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. **EACH AND EVERY ALLEGATION CONTAINED IN THE COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted in whole or in part, and Plaintiff's claims fail as a matter of law pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Parkway and Skyline plead all applicable statutes of limitation in bar, in whole or in part, to recovery by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to exhaust his administrative remedies.

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of after-acquired evidence, estoppel, or unclean hands.

## SIXTH DEFENSE

Plaintiff's claim for damages is barred or limited to the extent it is shown he engaged in misconduct prior to, during, or in connection with their employment, that otherwise would have resulted in his discharge if such conduct were then known to Parkway and/or Skyline

## SEVENTH DEFENSE

Plaintiff was, at all material times, an at-will employee of Skyline and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

**EIGHTH DEFENSE**

Parkway's and/or Skyline's conduct and actions were at all times undertaken in good faith, and without malice, without a reckless indifference to Plaintiff's rights, and in accordance with state and federal laws.

**NINTH DEFENSE**

The employment actions of which Plaintiff complains occurred solely as a result of the Plaintiff's own actions in failing to properly carry out the responsibilities of his position.

**TENTH DEFENSE**

Any employment actions taken against Plaintiff by Parkway and/or Skyline were required by business necessity and were based on factors other than any protected class status of the Plaintiff.

**ELEVENTH DEFENSE**

Any employment action taken against Plaintiff was based on reasonable factor(s) other than age.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to any alleged protected class.

**THIRTEENTH DEFENSE**

Parkway and/or Skyline exercised reasonable care to prevent and correct the actions which support Plaintiff's claims, and Plaintiff unreasonably failed to avail himself of preventive or corrective opportunities or to avoid harm otherwise.

## FOURTEENTH DEFENSE

At all times pertinent, Plaintiff was an employee of Skyline. Skyline has, and had in place at all relevant times, all requisite policies prohibiting unlawful conduct of any kind in the workplace and a reporting and enforcement procedure of which Plaintiff was aware and which Skyline strictly enforces. To the extent Plaintiff suffered discrimination, which is denied, Plaintiff unreasonably failed to avail himself of the benefits of the policy, reporting and enforcement procedure. Parkway and/or Skyline, therefore, expressly plead the existence of Skyline's policy, reporting and enforcement procedure and Plaintiff's failure to timely utilize said procedure as a bar to Plaintiff's claims.

## FIFTEENTH DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's damage claims must be reduced.

## SIXTEENTH DEFENSE

To the extent Plaintiff recovers any monies from collateral sources, Parkway and/or Skyline are entitled to a set-off or off-set.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to liquidated damages.

## ADDITIONAL DEFENSES

Parkway and Skyline reserve the right to amend their Answer, to assert additional affirmative defenses and/or to bring in third parties as the claims of Plaintiff are more fully disclosed during the course of this litigation.

**WHEREFORE**, having answered each and every allegation contained in Plaintiff's Complaint, Parkway and Skyline make the following prayer for relief:

1. That Plaintiff have and recover nothing by way of his Complaint;

2. That the costs of this matter be taxed to the Plaintiff, including attorneys' fees;

3. For a trial by jury of all issues of fact so triable; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 15th day of March, 2021.

**JACKSON LEWIS P.C.**

Dated: March 15, 2021

/s/
Kevin D. Holden (VSB No. 30840)
**Jackson Lewis P.C.**
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219
P.O. Box 85068
Richmond, VA 23285
(804) 649-0404 (Phone)
(804) 649-0403 (Fax)
kevin.holden@jacksonlewis.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas E. Strelka, Esq.. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
Strelka Employment
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Attorney for Plaintiff*


　　　　　　　　/s/
Kevin D. Holden (VSB No. 30840)
**Jackson Lewis P.C.**
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219
P.O. Box 85068
Richmond, VA 23285
(804) 649-0404 (Phone)
(804) 649-0403 (Fax)
kevin.holden@jacksonlewis.com
crystal.tyler@jacksonlewis.com

*Attorney for Defendants*