IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00048-KDB-DSC

| | |
|---|---|
| **BENNIE ROBERT ANDERSON,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **PARKWAY ACQUISITION CORP. AND SKYLINE NATIONAL BANK,** | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 38). In this action, Plaintiff Bennie Robert Anderson ("Anderson") asserts claims against Defendants Parkway Acquisition Corp. d/b/a "Skyline National Bank" ("Parkway") and Skyline National Bank ("Skyline") for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. As discussed briefly below, the Court finds that there are genuinely disputed material facts and Defendants are not entitled to judgment as a matter of law. Accordingly, the motion for summary judgment must be denied.

### I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

1

242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003)**.** "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores,* 888 F.3d at 659 (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)); *see Modern Mosaic* at *2. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

## II. DISCUSSION

The Court has carefully considered this motion and the parties' briefs and exhibits[1] in support of and in opposition to the motion. For the most part, the Parties do not dispute the well-established legal principles governing Plaintiff's age discrimination claims against the Defendants. Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff can prove a violation of the ADEA through direct or circumstantial evidence.[2] *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

---

[1] In support of their Reply memorandum, Defendants filed an exhibit entitled "Misstatements of the Record." Doc. No. 42-1. While the Court could (but will not) strike the exhibit, it finds that it is not well taken for at least two reasons. First, all arguments as to the relevant facts should be included in the parties' briefs, subject to the applicable page limits. Whether or not Defendants intended to use this exhibit to evade the tight page requirements for a Reply brief, submitting an additional 26 page argument on the facts clearly has that effect. The second, and more fundamental, problem with the exhibit is that the title is plainly inaccurate. The Court views any claim that an opposing party has significantly misstated the facts or the applicable law as a very serious accusation, which should never be made without clear and substantial evidence. Based on the Court's review of the alleged "misstatements," the supposed contradictory "record" evidence is either not at all inconsistent with the cited passage from Plaintiff's brief or it simply reflects a different framing or emphasis on a point of contention or the different testimony of a different witness (for example, Plaintiff's testimony v. the testimony of one of the bank executives). Thus, the collection of alleged "misstatements" is nothing of the kind and does not support Defendants' position. Indeed, the real impact of the exhibit on the Court is that it strengthens the Court's view that there are abundant material factual disputes in this matter that need to be decided by a jury.

[2] "A plaintiff does not need a 'smoking gun' to prove invidious intent, and few plaintiffs will have one. Rather, circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Merritt v. Old Dominion Freight Line, Inc*., 601 F.3d 289, 299–300 (4th Cir. 2010).

3

At the summary judgment stage, a plaintiff alleging an ADEA violation can establish a dispute of material fact through circumstantial evidence using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The *McDonnell Douglas* framework follows three steps: "(1) the plaintiff must establish a *prima facie* case of discrimination or retaliation; (2) if the plaintiff presents *a prima facie* case, then the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action; and (3) if the defendant shows such a reason, then the burden shifts to the plaintiff to prove that the reason is pretextual." *Sanders v. Tikras Tech. Sols. Corp.*, 725 F. App'x 228, 229 (4th Cir. 2018) (per curiam) (citing *McDonnell Douglas*, 411 U.S. at 802–04). At the final stage, "[t]he employee must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant-employer were not its true reasons, but were a pretext for discrimination.'" *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

To make out a *prima facie* case under the ADEA, Plaintiff must show that he (1) was a member of a protected class, i.e., age 40 or older, (2) suffered an adverse employment action, (3) was meeting his employer's expectations at the time of the adverse action, and (4) was replaced by or treated less favorably than someone "not insignificantly younger." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311–13 (1996) (applying the *McDonnell Douglas* framework to an ADEA claim). Defendant challenges Plaintiff's prima facie case as to both the third and fourth elements.

As to the fourth element, Defendants rest their argument on a blatant misstatement of the applicable law. Defendants contend that because "Anderson['s] … duties were assumed by someone within the same protected class" he cannot establish his prima facie case. *See* Doc. No.

42 at 6 (citing *EEOC v. Clay Printing Co.*, 955 F.2d 936, 943 (4th Cir. 1992)). However, in *O'Connor* the Supreme Court directly rejected that position, stating:

> The discrimination prohibited by the ADEA is discrimination "because of [an] individual's age," 29 U.S.C. § 623(a)(1), though the prohibition is "limited to individuals who are at least 40 years of age," § 631(a). This language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older. **The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant**, so long as he has lost out *because of his age.* Or to put the point more concretely, there can be no greater inference of *age* discrimination (as opposed to "40 or over" discrimination) when a 40–year–old is replaced by a 39–year–old than when a 56–year–old is replaced by a 40–year–old.

*O'Connor*, 517 U.S. at 312–13. (bolded emphasis added, italics in original). Defendants also misstate the court's analysis in *Riggle v. CSX Transp., Inc.*, 755 F. Supp. 676, 682 (D. Md. 1991) which, contrary to Defendants' suggestion, did not hold that the fourth element could not be satisfied if a discharged employee's job duties were redistributed to more than one other employee (rather than the plaintiff being "replaced" by a single employee). Rather, the *Riggle* court said that the fourth element was not met where the plaintiff's job duties were distributed to several employees, only one of whom was less than forty years old (and, again, the rigid distinction between over and under forty was later eliminated in *O'Connor*).

In sum, there is no real dispute here that the employee who took over Plaintiff's duties was at least arguably "substantially younger" than Plaintiff. Therefore, Plaintiff has established the fourth element of his prima facie case for the purposes of summary judgment.

This leaves the third element – whether Anderson was meeting the Defendants' legitimate expectations – as the only element credibly in dispute. In Defendants' telling, the decision to terminate Plaintiff was made solely because he was failing to meet his performance targets. Plaintiff's version of events is markedly different. He contends that his performance was similar

5

to or better than several younger commercial loan officers and he earned a performance bonus for the year prior to his termination. In response, Defendants allege that there are meaningful factual distinctions among the various employees and the bonus payment is irrelevant. This is the essence of a material factual dispute and the Court finds that a reasonable jury could conclude that, all things considered in their full context, Plaintiff was meeting Defendants' *legitimate* performance expectations.

Similarly, as to the remainder of the *McDonnell Douglas* analysis, while Defendants have sufficiently alleged inadequate performance as a non-discriminatory reason for Plaintiff's termination, Plaintiff has presented evidence from which a jury could find Defendants' proffered reason to be a pretext for age discrimination given the allegedly different treatment of other younger employees and the alleged history of the Defendants' and its predecessor's interest in the timing of Plaintiff's retirement.

Who has the better evidence? Where does the truth truly lay? These questions cannot and should not be determined on a motion for summary judgment. Instead, the answers must be found at trial, where the jury will have a full opportunity to weigh the evidence and assess the credibility of the witnesses. Therefore, the Court finds that Defendants have not proven an entitlement to a summary disposition of this matter, and the Court will **DENY** the motion for summary judgment.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Doc. No. 38) is **DENIED**; and

2. This case shall proceed to trial on the merits in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 21, 2022

Kenneth D. Bell
United States District Judge