IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00048-KDB-DSC

| | |
|---|---|
| **BENNIE ROBERT ANDERSON,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **SKYLINE NATIONAL BANK AND PARKWAY ACQUISITION CORP.,** | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration of the Court's Order denying their request that the Court tax the costs of this action against Plaintiff. Doc. Nos. 74-75. For the reasons discussed below, the Court will **DENY** the motion.

On November 15, 2022, a jury found for Defendants on Plaintiff's allegations of Age Discrimination. No appeal has been taken by the Plaintiff so the case on the merits has ended. On January 12, 2023, Defendants, as the prevailing party, submitted to the Clerk of Court a proposed Bill of Costs to be taxed to Plaintiff in the amount of $9,465.99. Doc. No. 71. After considering Plaintiff's Brief in Opposition to Defendant's Bill of Costs and Defendants' Reply, the Court exercised its discretion and denied Defendants' Bill of Costs on the grounds that Plaintiff's inability to pay the costs "along with the history of the litigiousness of this matter" established that there would be "an element of injustice" in a presumptive cost award. Defendants now request that the Court reconsider Defendants' Bill of Costs and enter an Order awarding all costs reflected in the Bill of Costs.

1

Specifically, Defendants seek to "alter or amend" the Order denying their request for costs. The United States Court of Appeals for the Fourth Circuit has consistently recognized that a judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) motions may not be used to relitigate old issues, or to raise arguments or present evidence that could have been raised prior to judgment. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Simple disagreement does not support a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *Kundmueller v. Pentagon Fed. Credit Union*, No. 520CV00056KDBDSC, 2021 WL 6128980, at *1 (W.D.N.C. Dec. 9, 2021), *appeal dismissed,* No. 21-2420, 2022 WL 2204176 (4th Cir. Mar. 2, 2022).

Defendants do not (and could not) argue that there has been any intervening change in controlling law or new evidence that was not available when the Court ruled on their request for costs. Rather, in their view, the Court's order "in its entirety is in error" and "Plaintiff has not shown that it would be an injustice to grant Defendants the presumptive award of costs." Doc. No. 76 at 4. Thus, instead of arguing that the Court made a "clear error of law," Defendants simply disagree with how the Court exercised its discretion in applying the correct legal standards, which is not grounds for altering the Court's judgment under Rule 59.

Moreover, there is ample evidence to support the Court's decision. First, there is a basis for the Court's finding that Plaintiff has demonstrated an "inability to pay." Plaintiff's yearly pre-tax income is only $30,000. Defendants request nearly $10,000 in costs. Plainly, a person with

2

such limited income likely cannot afford to use more than a third of his net income to pay Court costs.

Also, independent of Plaintiff's inability to pay, Defendants' counsel's conduct during the litigation supports the Court's decision to deny costs. The Court tried to be diplomatic in its earlier ruling, referring only to the "history" of the litigation, to spare Defendants' counsel its explicit condemnation. However, such criticism is appropriate. Defendants' counsel unnecessarily expanded the litigation by filing a 26 page "Misstatement of the Record" to evade the page limits for its reply brief on its unsuccessful motion for summary judgment (as well as incorrectly characterizing the record in that filing). *See* Doc. No. 44 at 3, fn. 1. Defense counsel also wasted the Court and the Plaintiff's time by filing a motion in limine belaboring the issue of comparators on which the Court had already ruled against Defendant on summary judgment.[1] Finally, despite claiming to specialize in employment law, Defendants' counsel repeatedly misstated basic controlling law and misconstrued relevant authority, requiring the Court and the Plaintiff to expend time to correct their errors. *See* Doc. No. 44 at 4-5; Doc. No. 62 at 2, 6, 9.

Therefore, the Court's exercise of its discretion to deny Defendants' request for taxation of their costs is fully supported by the record, and the Court continues to believe that there would be an element of injustice if it ruled otherwise. Accordingly, Defendants' motion for reconsideration must be denied.

---

[1] Defense counsel also failed to meet and confer with Plaintiff's counsel prior to filing Defendants' motions in limine, which led to other unnecessary motions being filed. However, Plaintiff's counsel shares the blame for this failure. *See* Doc. 62 at 1.

**NOW THEREFORE IT IS ORDERED THAT:**

Defendant's Motion for Reconsideration (Doc. No. 75) is **DENIED**, and the Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 2, 2023

Kenneth D. Bell
United States District Judge